## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM,** | **CIVIL ACTION** |
| *Plaintiff,* | **No. 2:22-CV-0688 (JMY)** |
| v. | |
| **MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS, and GARY WEISS, and A.SOLAR, LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.** | |
| *Defendants.* | |

## FIRST AMENDED COMPLAINT

American Environmental Enterprises, Inc., d/b/a TheSAFETYHOUSE.com, plaintiff herein ("SAFETY HOUSE" or "Plaintiff"), through its counsel, Lightman & Manochi, by way of its Amended Complaint against Manfred Sternberg, Esquire ("Sternberg") and Manfred Sternberg & Associates, PC ("MSA"), and Charlton Holdings Group, LLC ("CHG"), and Shlomo Gross a/k/a Samuel Gross ("Gross"), and Gary Weiss ("Weiss"), and A.Solar, LLC, and Daphna Zekaria, Esquire ("Zekaria"), and Sokolski & Zekaria, P.C. ("S&Z") (collectively, "Defendants"), states as follows:

## NATURE OF ACTION

1.  Defendants Sternberg and MSA (collectively, the "Sternberg Attorney

**EXHIBIT
1**

Defendants") and Defendants Gross and CHG (the "Gross Defendants") fraudulently induced SAFETY HOUSE to order and make a payment to them of $1,965,600.00 in order to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits") (the "Order"). *See* Exhibit 1.

2.    The Order was supposed to be conducted through an escrow agreement with defendant with the Sternberg Attorney Defendants acting as escrowee, but said agreement was merely a ruse to defraud Plaintiff, as Gross and Sternberg formed CHG merely as a front, and the Defendants had no intent or ability to deliver the Covid Test Kits, but instead intended to defraud Plaintiff into transferring them $1,965,600.00, without delivering the Covid Test Kits. *See* Exhibit 1.

3.    The Sternberg Attorney Defendants and the Gross Defendants fraudulently induced SAFETY HOUSE to wire the $1,965,000.00 into the attorney escrow account of the Sternberg Attorney Defendants, after which the Sternberg Attorney Defendants wrongfully released that escrow, without delivering to Plaintiff the required signed Bill of Sale and the required Bill of Lading and other shipping documents evidencing the Covid Test Kits were purchased and being shipped to Plaintiff.

4.    Plaintiff believes and thus avers that the Sternberg Attorney Defendants and the Gross Defendants, acted in their wrongful civil conspiracy together with defendants Gary Weiss and his entity, A Solar LLC (collectively the "Weiss Defendants") and with Daphna Zekaria, Esquire and her law firm of Sokolski & Zekaria, P.C. (collectively the "Zekaria Defendants") to defraud Plaintiff out of the $1,965,600.00 that it was induced to wire to the Sternberg Attorney Defendants and the Gross Defendants, for the purchase of the 151,200 Covid Test Kits.

5.    Defendants failed to deliver the Covid Test Kits to Plaintiff and also failed to

provide any refund of the $1,965,600.00 escrow to SAFETY HOUSE.  *See* Exhibit 2.

6.     Defendants' behavior is particularly egregious and outrageous, as SAFETY HOUSE needed the Covid Test Kits to sell to its customer, a public school district.

## PARTIES, JURISDICTION AND VENUE

7.     Plaintiff is a Pennsylvania corporation, and operates as a trusted supplier of reliable personal protection and abatement equipment. SAFETY HOUSE is a Pennsylvania resident for purposes of diversity jurisdiction, with its principal place of business and headquarters located in Pennsylvania.  SAFETY HOUSE operates from 99 Aldan Avenue, Suite 5, Glen Mills PA 19342.

8.     Defendant Manfred Sternberg is, upon information and belief, is a practicing attorney in good standing under the laws of Texas, and a citizen of the State of Texas, with an address of 1700 Post Oak Boulevard, 2 Boulevard Place, Suite 600, Houston, Texas 77056, and not in the military service of the U.S. or its allies.

9.     Defendant Manfred Sternberg & Associates, PC ("MSA") is, upon information and belief, a Texas professional corporation, a citizen of the State of Texas for diversity purposes and has its principal place of business at 1700 Post Oak Boulevard, 2 Boulevard Place, Suite 600, Houston, Texas 77056.

10.    Plaintiff believes and thus avers that defendant Sternberg practices law from and is the controlling principal of defendant MSA.

11.    Defendants Sternberg and MSA collectively are referred to as the "Sternberg Attorney Defendants."

12.    Defendant Charlton Holding Group LLC ("CHG"), is, upon information and belief, a New York limited liability company with an address of 78 Buckminster Road, Rockville Centre, NY 11570, whose members are all New York residents for purposes of diversity

jurisdiction.

13.     Plaintiff believes and thus avers that CHG is an entity with no assets, that is owned and/or controlled by defendant Samuel Gross.

14.     Defendant Shlomo Gross a/k/a Samuel Gross is, upon information and belief, an adult individual and a citizen of the State of New York for purposes of diversity, and has an address at 78 Buckminster Road, Rockville Centre, NY 11570, and not in the military service of the U.S. or its allies.

15.     Unbeknownst to Plaintiff during all times relevant herein, Gross, starting in 2014, served at least 18 months in a New York State prison based on convictions of Grand Larceny and Scheme to Defraud.

16.     Defendant Gary Weiss is an adult individual and a citizen of the State of New Jersey for purposes of diversity, with an address of 437 1st Avenue, Elizabeth, New Jersey 07206.

17.     Defendant A.Solar, LLC ("A.Solar") is a New Jersey limited liability company and a citizen of the State of New Jersey for purposes of diversity, with a principal place of business of 437 1st Avenue, Elizabeth, New Jersey.  Upon information and belief, Weiss is the sole member of A.Solar.

18.     Plaintiff believes and thus avers that A. Solar is an entity with no assets, that is owned and/or controlled by defendant Gary Weiss.

19.     Defendant Daphna Zekaria, Esquire ("Zekaria"), is, upon information and belief, an adult individual who is admitted to practice law before the Courts of the State of New York and is a citizen of the State of New York for purposes of diversity, with a principal place of business located at 1133 Broadway, Suite 1001, New York, New York 10010.

20.     Defendant Sokolski & Zekaria, P.C. ("S &Z") is, upon information and belief, a New York professional corporation and is a citizen of the State of New York for purposes of diversity, with a principal place of business located at 1133 Broadway, Suite 1001, New York, New York 10010.

21.     Plaintiff believes and thus avers that Zekaria is one of the two attorneys that control S&Z.

22.     Jurisdiction and venue are proper in this Court in that the actions giving rise to Plaintiff's causes of action occurred in the Eastern District of Pennsylvania, the amount in controversy exceeds $75,000.00 and the citizenship of the parties are from different states (namely, Pennsylvania is a citizen of Plaintiff, and Defendants are citizens of New York Texas and New Jersey and Texas), and the jurisdictional prerequisites of this Court otherwise are satisfied. *See* 28 U.S.C.S. §1332(a)(1) & § 1391.

## RELEVANT FACTUAL BACKGROUND

23.     On or about January 21, 2022, SAFETY HOUSE agreed to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits") from CHG and its managing member, Defendant Gross, (the "Order") for a payment of $1,965,600.00 (the "Purchase Price"). *See* Exhibit 1, § 3.

24.     The Gross Defendants and the Sternberg Attorney Defendants represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had access to the Covid Test Kits on the ground, ready to sell, in the United States.

25.     The Order was supposed to be accomplished through a Sale and Purchase Agreement (the "Agreement"), and an escrow arrangement between Plaintiff and the Sternberg Attorney Defendants, but said "Agreement" was merely a ruse to defraud Plaintiff, as the Gross Defendants and the Sternberg Attorney Defendants had no intention or ability to deliver the Covid

5

Test Kits, but instead intended to fraudulently induce Plaintiff to pay the Purchase Price for the Order without delivering the Covid Test Kits.

26.     The Agreement required Plaintiff to issue a Purchase Order to CHG for the Covid Test Kits and thereafter to deposit the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants; these funds were not to be released from escrow until (a) after a Bill of Sale was delivered to Plaintiff and (b) after the Covid Test Kits were delivered to a recognized common carrier for delivery to Plaintiff, and the Bill of Lading and shipping documents also delivered to Plaintiff.  *See* Exhibit 1, §§ 4 & 6 and Exhibit D thereto.

27.     Defendants informed Plaintiff that Plaintiff needed to wire transfer the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants immediately, in order to hold Plaintiff's place in the queue, and so the goods could be shipped immediately, and they promised to sign and return the Agreement to Plaintiff as soon as the funds were transferred.

28.     In reliance upon the representations of the Gross Defendants and the Sternberg Attorney Defendants, on or about January 21, 2022, SAFETY HOUSE issued its Purchase Order No. 18315.

29.     In Plaintiff's Purchase Order No. 19315, Plaintiff clearly stated that January 25, 2022 was the delivery date for all of the Covid Test Kits. because the Gross Defendants and the Sternberg Attorney Defendants represented to Plaintiff they could immediately deliver the 151,200 Covid Test Kits, *See* Exhibit 1, Purchase Order.

30.     In further reliance on upon the representations of the Gross Defendants and the Sternberg Attorney Defendants, Plaintiff wired the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants.  *See* Exhibit 2.

31.     However, after SAFETY HOUSE wired the $1,965,600.00 into the attorney escrow account of the Sternberg Attorney Defendants, the Gross Defendants and the Sternberg Attorney Defendants failed and refused to sign and deliver the Agreement to Plaintiff.

32.     To date, Plaintiff has not received the signed Agreement from the Gross and Sternberg Attorney Defendants, which further evidences that these Defendants never intended to perform under the Agreement.

33.     Pursuant to Plaintiff's Purchase Order, the Gross and Sternberg Attorney Defendants were supposed to deliver the Order so that SAFETY HOUSE received the Covid Test Kits by January 25, 2022.

34.     After SAFETY HOUSE wired the $1,965,600.00 Purchase Price to the Sternberg Attorney Defendants, the Gross and Sternberg Attorney Defendants failed and refused to deliver the Covid Test Kits to Plaintiff.

35.     After demands by Plaintiff, they also have failed to provide a full refund, or any refund, to Plaintiff.

36.     The Gross and Sternberg Attorney Defendants had no intention of performing as promised, and misrepresented that the Covid Test Kits were currently available for both purchase and shipment.

37.      In fact, and contrary to these Defendants' representations, the Covid Test Kits were not currently available for purchase and shipment.

38.     The Gross and Sternberg Attorney Defendants never provided a Bill of Lading, from a recognized common carrier, and failed to provide other shipping information to SAFETY HOUSE, as required under the Agreement and as a prerequisite to the release of the $1,965,600.00 Purchase Price from the attorney escrow account of the Sternberg Attorney Defendants.

39.     To fraudulently induce Plaintiff to make the wire transfer to them, the Gross and Sternberg Attorney Defendants represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the $1,965,600.00 Purchase Price would not be released from the attorney escrow account of the Sternberg Attorney Defendants unless and until the Covid Test Kits had been delivered to a common carrier for delivery to SAFETY HOUSE, and Plaintiff was supplied with the required Bill of Lading from a recognized common carrier evidencing that the Covid Test Kits were in transit to Plaintiff..

40.     SAFETY HOUSE needed the Order so it could supply the Covid Test Kits to its customer, namely a public school district.

41.     As a result of the aforesaid fraudulent conduct of the Defendants, SAFETY HOUSE has incurred and continues to incur substantial damages, which Plaintiff believes are in excess of $2 million including the loss of the $1,965,600.00 Purchase Price, as well as significant lost profits due to the Defendants' fraud.

42.     SAFETY HOUSE, through counsel, has given Defendants multiple opportunities to confirm that they have not fraudulently taken the $1,965,600.00 Purchase Price, and that Defendants have in fact shipped the Covid Test Kits.

43.     However, Defendants have continued to make lies and misrepresentations to Plaintiff concerning the status of the delivery of the Covid Test Kits.

44.     For example, on or about February 8, 2022, the Sternberg Attorney Defendants misrepresented to Plaintiff the Covid Test Kits were en route and would be delivered by no later than February 17, 2022, when in fact they were not with a common carrier or otherwise being shipped to Plaintiff; as of February 17, 2022 (and as of the filing of this Complaint), no delivery had been made. *See* Exhibit 3.

45.     Plaintiff on numerous occasions has requested that Defendants provide Plaintiff with a Bill of Lading and other shipping documents to show Seller had delivered the Covid Test Kits to a common carrier for delivery to Plaintiff.  *See* Exhibit 4.

46.      To date, however, Defendants have failed and refused to deliver this shipping documentation to Plaintiff.

47.     For example, on or about February 16, 2022, a man named "Shraga" contacted Plaintiff and advised Plaintiff the Covid Test Kits were on a truck and that delivery would be made to Plaintiff by 4:00 pm on February 16, 2022.

48.     When the alleged shipment did not arrive at 4:00 p.m., Plaintiff contacted Shraga who advised Plaintiff the truck had "broken down" and that the Kits would be delivered in the morning of February 17, 2022.

49.     Plaintiff believes and this avers that defendant Gary Weiss was the person who contacted Plaintiff using the name "Shraga."

50.     As of this writing, the Covid Test Kits still have not been delivered to Plaintiff.

51.     Plaintiff believes and therefore avers Defendants had no ability to provide Plaintiff with the Covid Test Kits and intended, instead, to abscond with Plaintiff's $1,965,600.00.

52.     Plaintiff and Plaintiff's counsel demanded the immediate return of the $1,965,600.00 Purchase Price. *See* Exhibit 5.

53.     To date, however, the $1,965,600.00 Purchase Price has not been refunded to Plaintiff, and the Covid Test Kits have not been delivered.

54.     During the course of this dispute, Plaintiff has learned that other parties, namely defendants Weiss and his entity, defendant A,Solar, and defendants Zekaria and S & Z, either acting in concert with the Gross and Sternberg Attorney Defendants or acting amongst themselves,

have schemed and/or participated in the fraudulent scheme to deprive Plaintiff of its $1,965,600.00.

55. In discovery Plaintiff has obtained so far, the Sternberg Attorney Defendants have claimed that they wire transferred a sum greater than $1,965,600 to Defendants Weiss and Zekaria.

56. The Gross Defendants and the Sternberg Attorney Defendants have alleged that the Zekaria Defendants at all times relevant herein were the attorneys for Weiss and A.Solar [*see*, ECF 32-1 & 32-13].

57. Documents obtained in discovery have showed on or about January 26, 2022, the Gross Defendants entered into an alleged agreement with the Weiss Defendants and paid A.Solar over $3,000,000.00 to purchase in excess of 501,400 Covid Test Kits from A.Solar [*see*, ECF 32-12]

58. The Gross and Sternberg Attorney Defendants have asserted third party indemnification and contribution claims against Weiss and A.Solar [*see* ECF 34]., and they claim Weiss and A.Solar are liable to the Gross Defendants and the Sternberg Attorney Defendants for any judgment amounts Plaintiff obtains from the Gross and Sternberg Attorney Defendants. *Id*.

59. Weiss and A.Solar have answered the third party claims by alleging that although the Gross Defendants had paid Weiss and A.Solar for the Covid Test Kits, Weiss and A.Solar were agreeable to providing a full refund [*see* ECF 66, and Exhibit "A" thereto]

60. Weiss and A.Solar further allege that the Gross Defendants refused to accept the refund and, instead, on the advice of Sternberg, requested that Weiss and A. Solar provide collateral to them "as security for the future delivery of the [Covid Test Kits]" [*see* ECF 66, ¶ 17].

61. Weiss and A.Solar have further alleged that they gave the Gross Defendants collateral consisting of diamonds and gems which had a value in excess of $3,000,000.00. *Id*., ¶¶ 18-20 &

Exhibit "B," thereto.

62.     Plaintiff believes and therefore alleges that either defendants Weiss and A.Solar are holding Plaintiff's $1,965,600.00, or all Defendants are engaged in an elaborate "shell game" to hide the location of and/or wrongfully retain Plaintiff's $1,965,600,

63.     As a result of the wrongful conduct of all Defendants, Plaintiff was forced to locate and purchase Covid test kits from other sources to fulfill its contractual obligations to Plaintiff's customers and has incurred damages in doing so.

64.     The conduct of the Defendants was intentional and knowing and deliberate, and so outrageous and extreme, so as to entitle Plaintiff to an award of punitive damages.

## COUNT I

### Fraud in the Inducement
### (Against the Gross Defendants and Sternberg Attorney Defendants)

65.     The above paragraphs are incorporated herein by reference as if set forth in full.

66.     The Gross Defendants and Sternberg Attorney Defendants represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had the Covid Test Kits in stock.

67.     CHG was formed on or about December 8, 2020, and appears to have been formed solely in order to defraud SAFETY HOUSE and/or other potential victims.

68.     To fraudulently induce Plaintiff to make this large purchase, the Gross and Sternberg Attorney Defendants represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the $1,965,600.00 Purchase Price would not be released from escrow, until after Plaintiff was supplied with a Bill of Sale as well as a Bill of Lading from a recognized common carrier , evidencing that the Covid Test Kits had been delivered to a common carrier and were en route for delivery to SAFETY HOUSE.

11

69.     Instead, the Sternberg Attorney Defendants wrongfully and improperly and prematurely released Plaintiff's $1,965,600.00 Purchase Price from escrow, without confirming that the Covid Test Kits were purchased, and without confirming that the Covid Test Kits were delivered to a recognized common carrier for delivery to Plaintiff.

70.     These representations and promises were false when made by Gross and Sternberg Attorney Defendants to SAFETY HOUSE.

71.     Said Defendants knowingly made these false representations and promises to SAFETY HOUSE to induce it to wire the $1,965,600.00 Purchase Price to said Defendants, despite the Gross and Sternberg Attorney Defendants' actual knowledge that they did not intend to and could not honor their representations and lacked the capacity to perform as promised.

72.     SAFETY HOUSE reasonably relied upon the representations of these Defendants and changed its position to its detriment, and sustained damages as a direct and proximate result of the fraud perpetrated by said Defendants as set forth in detail above.

73.     SAFTEY HOUSE sustained damages, including the loss of the $1,965,600.00 Purchase Price it wired into the attorney escrow account of the Sternberg Attorney Defendants.

74.     SAFETY HOUSE has suffered additional damages including lost profits, resulting from its inability to re-sell the Covid Test Kits to its customers.

75.     SAFETY HOUSE also has incurred damages including the increased costs it was forced to spend to in locating Covid test kits in the marketplace so that it could cover and fulfill its contractual obligations to its customers.

76.     The conduct of the Gross and Sternberg Attorney Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT II

### Fraud
### (Against the Gross and Sternberg Attorney Defendants)

77.     The above paragraphs are incorporated herein by reference as if set forth in full.

78.     The Gross and Sternberg Attorney Defendants represented and promised to SAFETY HOUSE that they could sell Plaintiff and quickly deliver the Covid Test Kits because they already had the Covid Test Kits in stock.

79.     CHG was formed on or about December 8, 2020, and appears to have been formed solely in order to defraud SAFETY HOUSE and/or other potential victims.

80.     To fraudulently induce Plaintiff to make this large purchase, the Gross and Sternberg Attorney Defendants represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the $1,965,600.00 Purchase Price would not be released from escrow, until after Plaintiff was supplied with a Bill of Sale as well as a Bill of Lading from a recognized common carrier , evidencing that the Covid Test Kits had been delivered to a common carrier and were en route for delivery to SAFETY HOUSE.

81. Instead, these Defendants improperly released and took the Plaintiff's money from escrow, and failed to deliver the Covid Test Kits, which were supposed to be delivered by Plaintiff to a public school district.

82. These representations and promises were false when made by the Gross and Sternberg Attorney Defendants to SAFETY HOUSE.

83. These Defendants knowingly made these false representations and promises to SAFETY HOUSE to induce it to wire the entire $1,965,600.00 Purchase Price to them, despite their actual knowledge that they did not intend to honor their representations and lacked the capacity to perform as promised.

84. SAFETY HOUSE reasonably relied upon the representations of the Gross and Sternberg Attorney Defendants and changed its position to its detriment.

85. SAFTEY HOUSE has lost the $1,965,600.00 Purchase Price it paid to these Defendants.

86. SAFETY HOUSE also has suffered lost profits as it has been unable to re-sell the Covid Test Kits to the customers with whom SAFETY HOUSE had purchasing contracts, such as public school districts.

87. The conduct of the Gross and Sternberg Attorney Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus

14

additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT III

### Fraud
### (Against the Weiss and Zekaria Defendants)

88.     The above paragraphs are incorporated herein by reference as if set forth in full.

89.     Based upon the representations and filings of the Sternberg Attorney Defendants and the Gross Defendants, and of the Weiss Defendants, Plaintiff believes and thus avers that the Weiss Defendants and the Zekaria Defendants aided and abetted ,if not directly participated in, the aforesaid wrongful fraud perpetrated upon Plaintiff.

90.     The Gross Defendants and the Sternberg Attorney Defendants represented that Plaintiff's funds in turn were wire-transferred to the Weiss Defendants and the Zekaria Defendants for the purchase of the Covid Test Kits, but that the Weiss Defendants and the Zekaria Defendants kept Plaintiff's funds and also failed to deliver the Covid Test Kits to Plaintiff.

91.     The Weiss Defendants represented in their Answer to the Third Party Complaint that the Covid Test Kits were being shipped to Plaintiff, but then had to be diverted to a warehouse,  where they then mysteriously just disappeared, and that said Defendants then gave diamonds and gems with a value in excess of $3 million to the Gross Defendants and/or the Sternberg Attorney Defendants "as collateral." *See* ECF 66, and Exhibit "A." thereto.

92.     To date, neither the Sternberg Attorney Defendants, not the Gross Defendants, nor the Weiss Defendants, nor the Zekaria Defendants, have returned Plaintiff's $1,965,600.00 to Plaintiff, and said Defendants also have not delivered the 151,200 Covid Test Kits to Plaintiff, and said Defendants also have not turned over or delivered the gemstones that the Weiss Defendants

15

claimed they delivered to the Gross Defendants and/or the Sternberg Attorney Defendants "as collateral."

93.     The aforesaid representations and promises were false when made by the Defendants, and said Defendants knowingly made these false representations and promises to SAFETY HOUSE to induce it to wire the entire $1,965,600.00 Purchase Price, despite their actual knowledge that they did not intend to honor their representations and lacked the capacity to perform as promised.

94.     Plaintiff reasonably relied upon the representations of the Gross and Sternberg Attorney Defendants and changed its position to its detriment., and as a result, Plaintiff has lost the $1,965,600.00 Purchase Price it paid to these Defendants.

95.     The aforesaid conduct of the Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Gary Weiss, and A. Solar LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT IV

### WRONGFUL CIVIL CONSPIRACY
### (Against All Defendants)

96.     The above paragraphs are incorporated herein by reference, as if set forth in full.

97.     Each of the Defendants wrongfully conspired with each other to fraudulently induce

SAFETY HOUSE to send them almost two million dollars, as alleged above, without any intent or capacity to perform the alleged Agreement.

98.     These Defendants each took active steps to further the conspiracy, from negotiating the terms of the alleged Agreement, to representing that the Purchase Price would be held in an attorney escrow account, and to promising (but failing) to deliver the Covid Test Kits immediately, and to promising (but failing) to provide Plaintiff with a Bill of Lading from a recognized common carrier, and to promising (but failing) to deliver to Plaintiff a signed copy of the Agreement, and to promising (but failing) to deliver the Covid Test Kits, and by failing to return Plaintiff's purchase price.

99.     Defendants Weiss, A.Solar, Zekaria and S & Z wrongfully conspired with each and with the other Defendants other to fraudulently obtain payment of Plaintiff's $1,965,600.00 from the Gross and the Sternberg Attorney Defendants, and thereafter failing and refusing to return the funds, or to deliver the Covid Test Kits

100.     Upon information and belief, Defendants Zekaria and S & Z accepted the wire transfer from the Sternberg Attorney Defendants and thereafter retained a portion of and/or transferred those funds to defendants Weiss and/or A.Solar.

101.     Defendants Weiss and A.Solar accepted the payment of Plaintiff's $1,965,600 from defendants Zekaria and S & Z when they knew or should have known they could not obtain Covid Test Kits in the quantity required to fill Plaintiff's order.

102.     Thereafter, defendants Weiss and A.Solar refused to return the Plaintiff's funds.

103.     The conspiracy of Weiss, A.Solar, Zekaria and S & Z aimed to obtain, and then keep, SAFETY HOUSE's funds, without delivering the Covid Test Kits purchased and needed by Plaintiff.

17

104.     Each of these Defendants is liable for the actions of the other Defendants in furtherance of this conspiracy.

105.     All Defendants have engaged in a conspiracy to obtain and keep Plaintiff's $1,965,600.00 purchase price without delivering to Plaintiff the Covid Test Kits.

106.     SAFETY HOUSE has lost the $1,965,600.00 Purchase Price it paid to these Defendants.

107.     SAFETY HOUSE has suffered lost profits as it has been unable to sell the Covid Test Kits to its customers.

108.     The conduct of Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT V

## PIERCING THE CORPORATE VEIL
### (Against Gross and CHG)

109.     The above paragraphs are incorporated herein by reference, as if set forth in full.

110.     Defendant CHG purports to be limited liability company and, on information and belief, CHG is owned entirely by its managing member, Samuel Gross.

111.    On information and belief, CHG was inadequately capitalized, failed to properly observe the required corporate formalities, and was otherwise used by Defendants to perpetuate their fraud against SAFETY HOUSE.

112.    Due to the fraudulent and/or deceptive conduct of the Defendants, and the failure of one or more Defendants to properly capitalize CHG, and/or their failure to observe corporate formalities, the corporate veil of CHG should be disregarded, and its managing member, Samuel Gross, should be held individually liable for the wrongful acts of CHG.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT VI

### PIERCING THE CORPORATE VEIL
### (Against Weiss and A Solar)

113.    The above paragraphs are incorporated herein by reference, as if set forth in full.

114.    Defendant A. Solar purports to be limited liability company and, on information and belief, A. Solar is owned entirely by its managing member, Gary Weiss.

115.    On information and belief, A. Solar was inadequately capitalized, failed to properly observe the required corporate formalities, and was otherwise used by Defendants to perpetuate their fraud against SAFETY HOUSE.

19

116. Due to the fraudulent and/or deceptive conduct of the Defendants, and the failure of one or more Defendants to properly capitalize A. Solar, and/or their failure to observe corporate formalities, the corporate veil of A. Solar should be disregarded, and its managing member, Gary Weiss, should be held individually liable for the wrongful acts of A. Solar.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT VII

### PARTICIPATION THEORY
### (Against Shlomo Gross and Sternberg)

117. The above paragraphs are incorporated herein by reference as if set forth in full.

118. Gross and Sternberg each represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had access to the Covid Test Kits on the ground, ready to sell, in the United States.

119. To fraudulently induce plaintiff to make this large purchase, Gross and Sternberg each represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants.

120. These funds were not to be released from escrow until after a Bill of Sale was

delivered to Plaintiff and the Covid Test Kits were delivered to a common carrier for delivery to Plaintiff, and the Bill of Lading and shipping documents also delivered to Plaintiff. *See* Exhibit 1, §6 and Exhibit D thereto.

121.   The Sternberg Attorney Defendants misrepresented to Plaintiff the Covid Test Kits were en route and would be delivered by no later than February 25, 2022, when in fact they were not placed with a common carrier or otherwise being shipped to Plaintiff, either as of the promised January 25 delivery date, or as of February 17, 2022 (the filing of this Complaint), or to date -- no delivery has been made. *See* Exhibit 3.

122.   Plaintiff on numerous occasions has requested that Gross and Sternberg provide Plaintiff with a Bill of Lading and other shipping documents to show they had delivered the Covid Test Kits to a common carrier for delivery to Plaintiff. *See* Exhibit 4.

123.   However, each of Gross and Sternberg, however, have failed and refused to deliver this shipping documentation to Plaintiff.

124.   Furthermore, Gross and Sternberg caused further deception and delay when, on or about February 16, 2022, a man named "Shraga" contacted Plaintiff and advised Plaintiff the Covid Test Kits were on a truck and that delivery would be made to Plaintiff by 4:00 pm on February 16, 2022.

125.   When the shipment did not arrive at 4:00 p.m., Plaintiff contacted Shraga who advised Plaintiff the truck had "broken down" and that the Kits would be delivered in the morning of February 17, 2022.

126.   The goods have not been placed with a common carrier or delivered to Plaintiff, wither as promised, or to date.

127.   Gross and Sternberg have each furthered the fraud and made material

misrepresentations to Plaintiff, not only to obtain he funds, but to prevent and delay detection of the fraud.

128. Each of Gross and Sternberg should be held liable for their individual participation in this fraudulent scheme pursuant to Participation Theory.

129. Each of Gross and Sternberg made these representations with knowledge that they were false.

130. Each of Gross and Sternberg personally participated in making these misrepresentations to SAFETY HOUSE.

131. SAFETY HOUSE has lost the $1,965,600.00 Purchase Price it paid to Defendants, and has sustained and continues to sustain damages, as a result of Defendants' fraudulent and wrongful conduct.

132. SAFETY HOUSE has suffered lost profits as it has been unable to sell the Covid Test Kits to the customers with whom SAFETY HOUSE had purchasing contracts, such as public school districts.

133. SAFETY HOUSE has also incurred damages in locating Covid test kits in the marketplace so that it can fulfill its contractual obligations to its customers.

134. The conduct of each of Gross and Sternberg was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus

additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT VIII

### Unjust Enrichment/Quantum Meruit
### (Against the Gross and Sternberg Attorney Defendants)

135.   The above paragraphs are incorporated herein by reference as if set forth in full.

136.   In the alternative, SAFETY HOUSE alleges that the Gross and Sternberg Attorney Defendants have unjustly enriched themselves at the expense of SAFETY HOUSE.

137.   These Defendants requested SAFETY HOUSE to, _inter alia_, provide funds to purchase the Covid Test Kits, in exchange for the $1,965,600.00 Purchase Price. _See_ Exhibit 1.

138.   These Defendants represented that the entire $1,965,600.00 Purchase Price was required to be deposited into the attorney escrow account of the Sternberg Attorney Defendants.

139.   The Gross and Sternberg Attorney Defendants represented that the entire $1,965,600.00 Purchase Price would not be released from the attorney escrow account of the Sternberg Attorney Defendants unless the Covid Test Kits were delivered to a common carrier for delivery to Plaintiff, and Plaintiff was supplied with a Bill of Sale and the Bill of Lading and other shipping documents.

140.   In reliance upon the aforesaid representations of these Defendants, on January 21, 2022, SAFETY HOUSE wired $1,965,600.00 into the attorney escrow account of the Sternberg Attorney Defendants.  _See_ Exhibit 2.

141.   The Gross and Sternberg Attorney Defendants received and accepted and used the $1,965,600.00 Purchase Price described above.

142.   SAFETY HOUSE conferred a benefit upon these Defendants by delivering the

$1,965,600.00 Purchase Price without receiving anything in return.

143.    These Defendants appreciated, accepted, and retained the benefit of the $1,965,600.00 Purchase Price.

144.    It would be unjust and inequitable to allow Defendants to retain the benefit of the $1,965,600.00 Purchase Price they received from SAFETY HOUSE, without providing full compensation to SAFETY HOUSE.

145.    The fair value of the moneys supplied by SAFETY HOUSE to Defendants and retained and used by Defendants is the amount of $ 1.965,600.00.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT IX

### Intentional Interference with Existing Contractual Relations
### (Against All Defendants)

146.    The above paragraphs are incorporated herein by reference as if set forth in full.

147.    A contractual relationship existed between Plaintiff and the Gross and the Attorney Sternberg Defendants.

148.    A contractual relationship existed between Plaintiff and the customers to whom Plaintiff intended to ship the Covid Test Kits.

149. Each of the Defendants took actions with the specific intent to harm the existing aforesaid contractual relationships.

150. This harm consisted of, among other things: (a) taking Plaintiff's $1,965,600.00 payment as part of the over $3,00,000.00 payment made from the Gross and Sternberg Attorney Defendants made to the Weiss and/or Zekaria Defendants to purchase in excess of 500,000 Covid Test Kits, when Defendants knew or should have known that Covid Test Kits in that volume were not available in the market at the time they induced Plaintiff to wire the $1.965,600 purchase price, and (b) thereafter failing to return the money to Plaintiff, and (c) failing to deliver the promised Covid Test Kits.

151. Defendants had no privilege or justification for their actions.

152. SAFTEY HOUSE has lost the $1,965,600.00 Purchase Price it paid to the Gross and Sternberg Attorney Defendants.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A.Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT X

### Intentional Interference with Prospective Economic Advantage
### (Against All Defendants)

153. The above paragraphs are incorporated herein by reference as if set forth in full.

25

154.    A contractual relationship existed between Plaintiff and the Gross Defendants and the Sternberg Attorney Defendants.

155.    A contractual relationship and prospective economic advantage existed between Plaintiff said Defendants, as well as the customers to whom Plaintiff intended to ship the Covid Test Kits.

156.    Each of the Defendants took actions with the specific intent to harm Plaintiff's prospective economic advantage and the aforesaid contractual relationships.

157.    This harm consisted of, among other things: (a) taking Plaintiff's $1,965,600.00 payment as part of the over $3,00,000.00 payment made from the Gross and Sternberg Attorney Defendants to the Weiss and/or Zekaria Defendants to purchase in excess of 500,000 Covid Test Kits, when Defendants knew or should have known that Covid Test Kits in that volume were not available in the market at the time they induced Plaintiff to wire the $1.965,600 purchase price, and (b) thereafter failing to return the money to Plaintiff, and (c) failing to deliver the promised Covid Test Kits..

158.    Defendants had no privilege or justification for their actions.

159.    SAFTEY HOUSE has lost the $1,965,600.00 Purchase Price it paid to the Gross and Sternberg Attorney Defendants.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A.Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as

punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT XI

### Unjust Enrichment/Quantum Meruit
### (Against Weiss and A.Solar)

160.     The above paragraphs are incorporated herein by reference as if set forth in full.

161.     In the alternative, SAFETY HOUSE alleges that Weiss and A.Solar have unjustly enriched themselves at the expense of SAFETY HOUSE.

162.     These Defendants received from the Sternberg Defendants the Plaintiff's $1,965,600.00 amount that was intended to purchase the 151,200 Covid Test Kits that were the subject of the Agreement.

163.     Weiss and A.Solar received and accepted the Plaintiff's $1,965,600.00 amount from the Sternberg Attorney Defendants.

164.     SAFETY HOUSE conferred a benefit upon Weiss and A.Solar without receiving anything in return.

165.     These Defendants appreciated, accepted, and retained the benefit of the $1,965,600.00 paid by Plaintiff.

166.     It would be unjust and inequitable to allow Weiss and A.Solar to retain the benefit of the $1,965,600.00 without providing full compensation to SAFETY HOUSE.

167.     The fair value of the moneys supplied by SAFETY HOUSE to Weiss and A.Solar and retained by them is $ 1.965,600.00.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Gary Weiss, and A.Solar, LLC, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional

compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64423
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Telephone: 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date: July 31, 2023                    Attorneys for Plaintiff


## EXHIBITS TO COMPLAINT

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| "1" | [Unsigned] Purchase and Sale Agreement documents |
| "2" | 1/21/22 Wire Transfer Documents for Wire of $1,965,600.00 Purchase Price Into Attorney Escrow Account of the Sternberg Attorney Defendants |
| "3" | 2/8/22 email between Plaintiff and Sternberg Attorney Defendants |
| "4" | Emails to Sternberg Attorney Defendants requesting shipping information |
| "5" | 2/19/22 email to Sternberg Attorney Defendants demanding return of the $1,965,600.00 Purchase Price, and 2/16/22 email from Plaintiff demanding return of the $1,965,600.00 Purchase Price |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of Plaintiff's First Amended Complaint via ECF, U.S. first class mail and/or email upon the following:

Seth Laver, Esquire  
Jason Kaner, Esquire  
Goldberg Segall  
1700 Market Street, Suite 1418  
Philadelphia, PA 19103-3907  
slaver@goldbergsegalla.com  
jkaner@goldbergsegalla.com  

William R. Murphy III, Esquire  
Rebecca J. Price, Esquire  
Norris McLaughlin  
515 Hamilton Street, Suite 502  
Allentown, PA 18101  
wmurphy@norris-law.com  
rprice@norris-law.com  

Samuel Gross  
78 Buckminster Road  
Rockville Centre, NY 11570  
charltonholdinggroupllc@aol.com  

Gary Weiss (pro se)  
wgary4109@gmail.com  

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64423
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Telephone: 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  July 31, 2023

Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| American Environmental Enterprises, Inc., d/b/a THE SAFETYHOUSE.COM | Manfred Sternberg, Esquire & Manfred Sternberg & Associates, P.C. & Charlton Holdings Group, LLC & Samuel |

**(b)** County of Residence of First Listed Plaintiff  **Delaware County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Harris, Houston TX**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gary P. Lightman, Esquire and Glenn A. Manochi, Esquire, Lightman & Manochi, 600 W. Germantown Pike, Suite 400, Plymouth Meeting, PA 19462, 215-760-3000

Attorneys *(If Known)*
Seth Laver, Esquire and Jason Kaner, Esquire Goldberg Segall, 1700 Market St., Suite 1418, Phila., PA 19103, 267-519-6800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander       Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine       Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product       Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -       Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment  **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other  ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -  | | | |
| | Conditions of  | | | |
| | Confinement  | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)(1) & § 1391
Brief description of cause:
Fraudulent inducement with damages over $2million dollars

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  John Milton Younge

DOCKET NUMBER  22-00688

DATE
07/31/2023

SIGNATURE OF ATTORNEY OF RECORD
*Gary Lightman*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _99 Aldan Avenue, Suite 5, Glenn Mills, PA 19342_

Address of Defendant: _1700 Post Oak Blvd., 2 Boulevard Place, Suite 600, Houston, TX 77056_

Place of Accident, Incident or Transaction: _Glenn Mills, PA 19342_

---

**RELATED CASE IF ANY:**

Case Number: _____N/A_____  Judge: _____  Date Terminated _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year    Yes ☐  No ☒
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit    Yes ☐  No ☒
   Pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier    Yes ☐  No ☒
   Numbered case pending or within one year previously terminated action of this court?

4. Is this a second or successive habeas corpus, social security appeal, or pro se case filed    Yes ☐  No ☒
   by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _07/31/2023_      *Gary Lightman*      28529
         Attorney-at-Law *(Must sign above)*      Attorney I.D. # (if applicable)

---

**Civil (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☒ 8. All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____Gary P. Lightman_____, counsel of record *or pro se plaintiff*, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _07/31/2023_      *Gary Lightman*      28529
         Attorney-at-Law *(Sign here if applicable)*      Attorney ID # (if applicable)

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
                            :
                            :
        V.                  :          Civil Action
                            :          No: _____
                            :
```

DISCLOSURE STATEMENT FORM

Please check one box:

❏        The nongovernmental corporate party, _____
         , in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

❏        The nongovernmental corporate party, _____
         , in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

                                        *Gary Lightman*
_____    _____
            Date                              Signature

                    Counsel for: _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
       two copies of a disclosure statement that:
       (1)    identifies any parent corporation and any publicly held corporation
              owning10% or more of its stock;  or

       (2)    states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
       (1)    file the disclosure statement with its first appearance, pleading,
              petition, motion, response, or other request addressed to the court;
              and
       (2)    promptly file a supplemental statement if any required information
              changes.

# EXHIBIT "1"



### ---- PURCHASE ORDER ----

**P.O. #**      **18315**

99 Aldan Avenue, Suite 5 • Glen Mills, PA 19342
1-800-872-3684 • PH: 610-344-0637 • FAX: 1-610-436-4983
www.thesafetyhouse.com

| | |
|---|---|
| **Date** | 1/21/2022 |
| **Receive By** | 1/25/2022 |
| **Vendor Account #** | |
| **Memo** | |
| **Terms** | CIA (Cash in Advance) |
| **Ship Via** | |
| **FOB** | |
| **Freight In Status** | Freight Included |
| **Buyer** | Dan Scully |
| **Date Printed** | 01/21/2022 11:57:17 |

**Vendor**
(713) 824-9170
C/O: Manfred Sternberg ESQ
Charlton Holding Group LLC
78 Buckminster Road
Rockville Centre NY 11570
United States

**Ship To**
The Safetyhouse.com
99 Aldan Avenue
Suite 5
Glen Mills PA 19342
United States

| Item | TSH ID | Qty | Rec'd | Ck-In | U/M | Description | Rate | Amount |
|------|--------|-----|-------|-------|-----|-------------|------|--------|
| FS1001 | FS1001 | 151,200 | 0 | | Each | FS1001 - iHealth Covid-19 Antigen Rapid Test, 2 Tests per Kit | 13.00 | 1,965,600... |

**Total**      $1,965,600.00

_____
Authorized Signature



**CHARLTON HOLDING GROUP, LLC**

## SALE AND PURCHASE AGREEMENT

January 21, 2022

THIS AGREEMENT IS FOR THE SALE AND PURCHASE OF the product identified on the Purchase Order attached hereto and marked as Exhibit A attached hereto (the "Goods"). This Sale and Purchase Agreement is referred to herein as (this "Agreement").

**Seller:** Charlton Holdings Group, LLC, 78 Buckminster Road - Rockville Center, New York 11570, USA (the "Seller") AND

**Buyer:** Safety House, 99 Aldan Avenue, Suite 5, Glen Mills, PA 19342 (the "Buyer")  (each hereafter as "Party" and together as the "Parties")

For good and valuable consideration, the Parties agree:

1. Seller shall provide Buyer the Goods listed in Exhibit A for the Purchase Price, provided that Buyer complies with the conditions of this Agreement.

2. Seller agrees to sell to Buyer  151,200  boxes of 2 count iHealth COVID 19 home test kits shall be provided to the Buyer by the Seller for each lot of boxes available for payment as they are ready to be delivered.

3. The Buyer agrees to pay the Seller @ $13.00(USD) per box. Payment upon invoice as the product lots are ready for delivery, total cost **$1,965,600.00**.

4. The product lots may be located in more than one (1) location or warehouse in various locales in the United States.  Immediately after delivering a Purchase Order, Buyer agrees to authorize a wire be made to Seller through the Seller's Attorney Escrow Account identified in Exhibit B for the actual number of boxes of product contained in the Purchase Order.

5. As per the invoice below (EXHIBIT C), Seller agrees to sell  **151,200  boxes** of 2 count iHealth COVID 19 home test kits . The Buyer shall transfer the above-mentioned funds to the Seller's Attorney Escrow Account listed inExhibit B as per each invoice.

6. Once the transferred funds have cleared in the Seller's account, BILL OF SALE (EXHIBIT D) shall be provided, and Seller will deliver the Goods to a common carrier with instructions to deliver the Goods to the location(s) as directed by Buyer.  Title transfer shall happen contemporaneously with funds being released to Seller. Exhibit E attached hereto is incorporated herein as Seller's agreed upon Standard Operating Procedure.

7. Seller agrees to pay commissions, if any, included with rolls and extensions for the duration of this Agreement as per separate written agreement.

8. The Seller agrees to coordinate and pay for common carrier transportation to deliver the Goods from the Seller's warehouse(s) to Buyer at  Seller's cost and is included in the purchase price paid to Seller by Buyer hereunder.

**CHARLTON HOLDING GROUP, LLC**

9. Risk of loss shall transfer to Buyer at the point the product is paid for by Buyer and the Seller is released of all loss guarantees.

10. The Goods shall be sold with the manufacturer's warranty only. Seller makes a warranty of Title to product only when it is paid for by Buyer. Seller makes no other warranty of any kind, express or implied, and any warranty by Seller is expressly disclaimed.

11. Neither Buyer nor Seller shall be liable to the other for any consequential damages, lost profits, cover costs, or punitive or exemplary damages arising out of or related to this Agreement; however if Buyer in any way attempts to circumvent Seller, Seller will be entitled to liquidated damages of $50,000 from Buyer or if Buyer terminates this contract without cause, Seller will be entitled to liquidated damages of $25,000 from Buyer.

12. Seller may terminate this Agreement if Seller determines, in its sole discretion, that Buyer does not have the funds to purchase the Goods, or the Goods become unavailable and all funds deposited with Seller, if any, shall be returned to Buyer.

13. This Agreement shall be governed by the laws of the State of Texas and the Parties agree on the Texas State District Courts of Harris County, Texas, or other Seller designated venue which shall have exclusive jurisdiction of any dispute arising out of or related to this Agreement.

14. Buyer warrants and represents this transaction is in full compliance with all applicable laws and regulations, including but not limited to Executive Order No. 13224, as amended, the Patriot Act (Public Law 107 56), and any other law relating to the prevention and detection of terrorism and money laundering

15. Buyer agrees to indemnify, defend, and hold harmless the Seller, its agents, servants, employees, contractors, and affiliates (the "Indemnified Parties"), from and against all damages, losses, costs, and expenses (including reasonable attorneys' fees) which they may incur by reason of any breach of the representations and warranties made by Buyer in this Agreement, or any false or misleading representation or warranty in this Agreement or other document provided by Buyer to Seller.

16. Seller and Buyer are independent contracting Parties and nothing in this Agreement shall make either Party the agent, employee, or legal representative of the other.

17. The terms of this Agreement are confidential and may only be disclosed as required by law or to complete the transaction.

18. This constitutes the entire agreement of the Parties and may only be modified by a writing signed by the Parties. Neither Party is relying upon any representation not contained in this Agreement.

*We, the undersigned, with full legal and corporate responsibility accept the agreement this date:*

<u>**Signing Page**</u>

Agreed and Signed By:



For and on behalf of Seller,
Charlton Holdings Group, LLC

_____

Authorized Signatory

Name: Mr. Sam Gross

Position: Managing Partner

Date:

For and on behalf of Buyer

_____

Authorized Signatory

Name:

**Safety House**
99 Aldan Avenue, Suite 5
Glen Mills, PA 19342

Date: January 21, 2022



**CHARLTON HOLDING GROUP, LLC**

# EXHIBIT "A"- ICPO



**CHARLTON HOLDING GROUP, LLC**

# EXHIBIT "B" - ESCROW ACCOUNT
# Manfred Sternberg Jr. Attorney at Law IOLTA-Trust Account Wire Instructions



## Bank of America; Phone # 888.287.4637
## ABA #026009593

## ACCOUNT NAME:
## Manfred Sternberg Jr. Attorney at Law
## IOLTA - Trust Account
## ACCT # 0008 4000 2143

Bank of America's SWIFT code **BOFAUS3N** should be used for incoming wires in U.S. dollars.

Bank of America's SWIFT code **BOFAUS6S** should be used for incoming wires in foreign currency.
If you do not know or are unsure of the type of currency being received please use **BOFAUS3N**

Someone sending an incoming international wire to you may also ask for Bank of America's address. The address to provide is as follows:
**BOFAUS3N** (US dollars or unknown currency)
 Bank of America, NA
 222 Broadway
 New York, New York 10038
**BOFAUS6S** (foreign currency)
 Bank of America, NA
 555 California St
 San Francisco, CA 94104
Manfred Sternberg
Attorney at Law
1700 Post Oak Blvd., 2 Blvd. Place, Suite 600
Houston, TX 77056
TEL: (713) 622-4300
FAX: (713) 622-9899
manfred@msternberg.com

**CHARLTON SALE & PURCHASE AGREEMENT DATED «DATE»**
Page 5 of 8



**CHARLTON HOLDING GROUP, LLC**

# EXHIBIT C
# INVOICE

Charlton Holdings Group, LLC,
78 Buckminster Road - Rockville Center
New York 11570, USA

INVOICE _____ DATE: January 21, 2022

TO:
**Safety House**
99 Aldan Avenue, Suite 5
Glen Mills, PA 19342
*Ship To:*

__INSTRUCTIONS__: Funds are only due and payable upon receipt of Invoice. All sales are final.

| SALESPERSON | P.O. NUMBER | REQUISITIONER | SHIPPED VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|---|
| SAM GROSS | 18315 | | Common Carrier | Delivery to Buyer | Due on receipt |

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| **151,200** | **iHealth COVID 19 home test kits** | $13.00 | $1,965,600.00 |
| | | | |
| | **CREDIT FOR DEPOSIT PER SPA** $1,965,600.00 | | (**$1,965,600.00**) |
| | | | |

NO SALES TAX (RESALE)

## TOTAL DUE $0.00

Bank wire or deposit:
**ACCOUNT NAME:**
Manfred Sternberg Jr. Attorney at Law
IOLTA - Trust Account
Bank of America; Phone # 888.287.4637
**ABA #026009593**
**ACCT # 0008 4000 2143**



**CHARLTON HOLDING GROUP, LLC**

# EXHIBIT D –
# BILL OF SALE

### LOT #1 *(ref: #18315)*

*CHARLTON HOLDINGS GROUP, LLC  (the "Seller") does hereby sell, assign and transfer to the "Buyer" Safety House  99 Aldan Avenue, Suite 5 Glen Mills, PA 19342  the item(s) described as follows:*

> **151,200 boxes** of 2 count iHealth COVID 19 home test kits  @ $13.00 PER BOX INCLUSIVE.

*for the TOTAL AMOUNT OF $1,965,600.00 USD. The Seller warrants that the items are being transferred to the Buyer free and clear of any liens and encumbrances. The above items are sold on an "AS IS" tax inclusive basis. The Seller makes no warranties, express or implied unless specifically stated in this document.*

*This transfer is effective as of January _____, 2022.*

*The ownership of the item(s) shall be transferred to the Buyer immediately upon the signing of this Bill of Sale.*

SELLER:

Charlton Holdings Group, LLC,
78 Buckminster Road
Rockville Center, New York 11570, USA
(the "Seller")
516-232-5933

**CHARLTON HOLDING GROUP, LLC**

# EXHIBIT E -
# STANDARD OPERATING PROCEDURE (SOP)

January 21, 2022

RE:  151,200  boxes of 2 count iHealth COVID 19 home test kits

**Seller:** Charlton Holdings Group, LLC, 78 Buckminster Road - Rockville Center, New York 11570, USA (the "Seller") AND

**Buyer:** Safety House, 99 Aldan Avenue, Suite 5, Glen Mills, PA 19342 (the "Buyer")  (each hereafter as "Party" and together as the "Parties")

The following SOP is how Seller engages with Buyers.

1.  Buyer to provide Purchase Order to Seller.
2.  Seller's Attorney to draft and provide Buyer with Seller form of Sale and Purchase Agreement. ("SPA").
3.  Buyer and Seller execute SPA and Buyer wires Seller's Attorney the total purchase price called for in the Purchase Order.
4.  Purchase price funds released to Seller.
5.  Title Transfer to Goods to Buyer per SPA.
6.  Goods delivered to common carrier by Seller per SPA for delivery to Buyer.
7.  Seller to provide Buyer with BOL(s) and executed Bill of Sale for Goods shipped
8.  Buyer and its agents agree not to speak to anyone other than Seller or Seller's representative regarding this transaction.   Any discussions with Seller's vendors will be considered attempted circumvention.

# EXHIBIT "2"
## Redacted

Fulton Bank  

# [encrypt] [Cust Out Wire Advice - eMail] Message ID:220121143457MA98 Advice Code:OTCSADEM

## Skip Navigation

- Inbox
- Contacts
- Compose
- Sent Mail
- Drafts
- Help
- ?
- Sign Out

Fulton Bank Message View
dans@thesafetyhouse.com
[encrypt] [Cust Out Wire Advice - eMail]

- 
- 
- 
- 
- 

Last Sign In: Feb 15, 2022 3:24 PM

---

Received: Jan 21, 2022 3:43 PM
Expires: Feb 20, 2022 3:43 PM
From: wireroom@fultonbank.com
To: dans@thesafetyhouse.com
Cc:
Subject: [encrypt] [Cust Out Wire Advice - eMail]

---


In accordance with your instructions, we have DEBITED your account: **********4700
for $1,965,600.00 ON 2022-01-21.

Originator:      AMERICAN ENVIRONMENTAL ENTERPR
Sender Bank Name:  FULTON BANK NA
Sender Bank ABA#:  031301422
Sender Reference:

Fed Reference #:

Receiver Bank Name:  BK AMER NYC
Receiver Bank ABA#:         9593

Beneficiary Name:  MANFRED STERNBERG JR ATTORNEY ATLAW
Beneficiary Bank:
Beneficiary Reference:

Originator to Beneficiary Info:

Bank to Bank Information:


***CONFIDENTIALITY NOTICE***
This email contains confidential information which
may also be legally privileged and which is intended
only for the use of the recipient(s) named above. If
you are not the intended recipient, you are hereby
notified that forwarding or copying of this email,
or the taking of any action in reliance on its contents,
may be strictly prohibited. If you have received this
email in error, please notify us immediately by reply
email and delete this message from your inbox. Thank you.

***CONFIDENTIALITY NOTICE***This email contains confidential information which may also be legally
privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient,
you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents,
may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and
delete this message from your inbox. Thank you. E-Mail Opt Out Notice: This e-mail message may include an
advertisement. You have the right to request that we not send future advertisements to you at this e-mail address. If you
prefer not to receive future advertisements from us at this e-mail address, please access the following url
http://www.optoutffc.com/ Fulton Bank, N.A., P.O. Box 8, East Petersburg, Pa. 17520

This message was secured by Zix(R).

---

Fulton Bank

This service is hosted by Zix on behalf of Fulton Bank More Information



# EXHIBIT "3"

**Subject:** Fwd: PDF Signed SPA and wire transfer receipt from from Dan Scully

Here is the email .

He sent it to Dick Gray

Begin forwarded message:

**From:** Manfred <manfred@msternberg.com>
**Date:** Feb 8, 2022 at 3:50 PM
**To:** Dick Gray <dickgray1951@aol.com>
**Cc:** Sam Gross <samrosinc@icloud.com>, Chris Cortese <cjcsvpllc@gmail.com>
**Subject:** Re: PDF Signed SPA and wire transfer receipt from from Dan Scully

Hi Dick,   Please see attached executed Bill of Sale for Hand Safety's product that is in route for delivery as previously directed.

*Manfred Sternberg*

**Manfred Sternberg & Assoc. PC**
**Attorneys at Law**
1700 Post Oak Boulevard
2 BLVD Place, Suite 600
Houston, Texas 77056

☎Ph: 713-622-4300
Fax: 713-622-9899
✉ Email: manfred@manfredlaw.com

# EXHIBIT "4"

| | |
|---|---|
| **From:** | Gary Lightman |
| **To:** | Manfred |
| **Cc:** | G. Manochi; Wl. Stamps; K. DiTomaso; GARY LIGHTMAN |
| **Subject:** | Re: TheSafetyHouse.com v. Manfred Sternberg & Associates, and Manfred Sternberg, Esquire, and Sam Gross, and Charlton Holding Group, LLC -- Docket No. 2022-[NOT YET FILED] |
| **Date:** | Tuesday, February 15, 2022 10:33:57 PM |

Mr. Sternberg,

Your email below is NOT what you represented to me in our phone call of earlier today.

You were not authorized to release any funds from your attorney escrow account until "Seller deliver[ed] the goods to a common carrier" with the appropriate *signed* Seller's Bill of Sale transferring title of the goods to Buyer.

This is the second (and last) time we will request that you provide us IMMEDIATELY with the identity and contact information of the "common carrier" that you represented to me in our phone call (and that did not deny in your below email) that has the goods that you represented to me already were being shipped to TSH.

We also request that you email to us a copy of the *signed* Bill of Sale, as well as the Bill of Lading for the common carrier shipment.

If we do not receive this information and documentation from you by no later than tomorrow, then we have been instructed (1) to immediately file a lawsuit, and (2) to file a disciplinary complaint against you for your unauthorized transfer of escrow funds.

You should write us back first thing in the am, if you have any questions or problems. Otherwise, we look forward to timely receiving from you the requested information and documentation.

Please be guided accordingly.

thx
Gary Lightman
cell 215-760-3000

> On Feb 15, 2022, at 7:08 PM, Manfred <Manfred@msternberg.com> wrote:
>
> Mr. Gary Lightman,   I am not sure what you heard, but I certainly did not confirm that our law firm is still holding the $1,965,600.00 that TSH wired into our attorney escrow.   The funds were disbursed to the Seller in accordance with the SPA and per the instruction of our client.   I will note, your interpretation of the SPA and your explanation below is not consistent with the terms of the SPA.  Maybe you should read it?
>
> Paragraph 6 of the SPA says:   Once the transferred funds have cleared in the Seller's account, BILL OF SALE (EXHIBIT D) shall be provided, and Seller will deliver the Goods to a common carrier with instructions to deliver the Goods to the

location(s) as directed by Buyer.  Title transfer shall happen contemporaneously with funds being released to Seller.   Your client should have an executed Bill of Sale and funds have been transferred for the purchase when the goods were loaded onto the common carrier.

You will also note that Paragraph 13 says:   This Agreement shall be governed by the laws of the State of Texas and the Parties agree on the Texas State District Courts of Harris County, Texas, or other Seller designated venue which shall have exclusive jurisdiction of any dispute arising out of or related to this Agreement.  Proceed accordingly.

I am told the product will be arriving tomorrow at the location provided by your client.   Let me know when your client is in possession of his product.

*Manfred Sternberg*

**Manfred Sternberg & Assoc. PC**
**Attorneys at Law**
1700 Post Oak Boulevard
2 BLVD Place, Suite 600
Houston, Texas 77056

☎Ph: 713-622-4300
Fax: 713-622-9899
✉ Email: manfred@manfredlaw.com

<image001.png>
<image002.png><image003.png>

---

**From:** Gary Lightman <garylightman@lightmanlaw.com>
**Date:** Tuesday, February 15, 2022 at 5:35 PM
**To:** Manfred Sternberg <Manfred@msternberg.com>
**Cc:** "G. Manochi" <gmanochi@lightmanlaw.com>, "Wl. Stamps" <wlstamps@lightmanlaw.com>, "K. DiTomaso" <kditomaso@lightmanlaw.com>, GARY LIGHTMAN <ltag8r@me.com>
**Subject:** TheSafetyHouse.com v. Manfred Sternberg & Associates, and Manfred Sternberg, Esquire, and Sam Gross, and Charlton Holding Group, LLC -- Docket No. 2022-[NOT YET FILED]

Mr. Manfred Sternberg,

Our law firm has been retained as litigation counsel for TheSafetyHouse.com ("TSH"). This email will confirm your phone call to me, that just ended. Thank you for your courtesies in timely returning the voice mail message that we left when we called your work number (713-622-4300) earlier today (and please do not delete that phone message, unless and until this dispute is fully resolved to our client's satisfaction).

You represented to us that the 151,200 boxes of 2 count iHealth COVID 19 home test kits that TSH purchased from your client (Sam Gross and Charlton Holding Group, LLC) already were being shipped and in transit to TSH, and that TSH should expect delivery of the goods tomorrow. You also confirmed that your law firm still is holding the $1,965,600.00 that TSH wired into your attorney escrow account, that is supposed to be held by you and not released from escrow until TSH has received delivery of the goods.

You should use "reply all" immediately, if this email does not accurately memorialize our phone conversation. Otherwise, please use "reply all" and provide us with the shipping information that we requested from you when we just spoke (i.e., the name and contact information of the carrier that is delivering the goods).

We look forward to your timely response.

Very truly yours,
Gary Lightman, Esquire
LIGHTMAN & MANOCHI
Attorneys for TSH

cc: client

--
Gary P. Lightman, Esquire
e-mail:
garylightman@lightmanlaw.com
or ltag8r@me.com
cell 215-760-3000

LIGHTMAN & MANOCHI
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
Phone: (215) 545-3000 (ext.
107); fax (215) 545-3001

# EXHIBIT "5"

| | |
|---|---|
| **From:** | Dan Scully |
| **To:** | CharltonHoldingGroupLLC@aol.com |
| **Cc:** | Manfred; Cicsvolic; Gary Lightman; Wl. Stamos; K. DiTomaso; G. Manochi |
| **Subject:** | RE: Delivery of I Health Antigen Test Kits. |
| **Date:** | Wednesday, February 16, 2022 6:45:52 PM |

Sam/Manfred:

It's after 6:30 Pm and I still have not received the goods both of you promise I would get today. I think you guys are lying to me and have continued to lie to me.

Not to mention you both breached our contract. (And you never even sent me a fully signed contract)

I think you guys defrauded me.

Do to your inability to deliver the goods that I ordered and paid for, you leave me no alternative but to cover my contracts with my existing customers.

**I WANT MY 2 MILLION DOLLARS WIRED BACK TO ME IMMEDIATELY.**

You also will be hearing from my attorneys. I intent to hold each of you fully responsible for all damages I have incurred for your fraudulent and wrongful conduct. I also think your actions are criminal and I intent to report your fraudulent activity to the US Attorneys office and to the District Attorney's office both in Houston and Austin Texas and in New York.

Manfred you also should be disbarred, not only did you wrongfully release my money from escrow, but you lied to me about afterwards.

I am sending a copy of this email to my attorney's and instructing them take all necessary legal action to enforce my rights.

Dan Scully
TheSafetyHouse.com

| From: | Dan Scully |
|---|---|
| To: | Manfred |
| Cc: | CharltonHoldingGroupLLC@aol.com |
| Subject: | RE: The Safetyhouse.com: Purchase Order #18315 |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |

Sam/Manfred:

At this time I still have not received my product and I would like to request that my money be refunded from the escrow account.

Dan Scully
TheSafetyHouse.com

**From:** Manfred (Manfred@msternberg.com) <system@sent-via.netsuite.com>
**Sent:** Friday, January 21, 2022 12:05 PM
**To:** Dan Scully <dans@thesafetyhouse.com>; john@lincolnparkincorp.com
**Cc:** CharltonHoldingGroupLLC@aol.com
**Subject:** Re: The Safetyhouse.com: Purchase Order #18315

See SPA attached

*Manfred Sternberg*

**Manfred Sternberg & Assoc. PC**
**Attorneys at Law**
1700 Post Oak Boulevard
2 BLVD Place, Suite 600
Houston, Texas 77056

Ph: 713-622-4300
Fax: 713-622-9899
Email: manfred@manfredlaw.com

**From:** "Dan Scully (dans@thesafetyhouse.com)" <system@sent-via.netsuite.com>

**Reply-To:** Dan Scully <messages.401626.2161448.40263ca555@401626.email.netsuite.com>
**Date:** Friday, January 21, 2022 at 10:57 AM
**To:** Manfred Sternberg <Manfred@msternberg.com>, "john@lincolnparkincorp.com" <john@lincolnparkincorp.com>
**Subject:** The Safetyhouse.com: Purchase Order #18315

Attached Purchase order for IHealth Test Kits. Plese provide Expiration and lot numbers.

Thanks,

Dan Scully
TheSafetyHouse.com