IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,
     Plaintiffs,

v.

MANFRED STERNBERG, ESQUIRE, et
al.,
     Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION**
No. 24-01749-JMY

**MEMORANDUM**

**J. Younge**                                                                                  **April 8, 2026**

**I.      INTRODUCTION**

Plaintiff National Liability & Fire Insurance Company ("Plaintiff") has filed this

Declaratory Judgment action against Defendants Manfred Sternberg and Manfred Sternberg &

Associates, PC (collectively "Defendants"), seeking a ruling that Plaintiff has no duty to defend or

indemnify Defendants against claims asserted against them in a pending civil action in the Eastern

District of Pennsylvania at Case No. 2:22-cv-00688 (*See* Complaint, ECF No. 1 ("Compl.")). In

*American Environmental Enterprises v. Manfred Sternberg et. al.* ("Underlying Action"), the

allegations by Plaintiff American Environmental Enterprises, Inc. d/b/a TheSafetyHouse.com

("SafetyHouse") involved allegations of fraud in the inducement, fraud, wrongful civil conspiracy,

participation theory, unjust enrichment, intentional interference with contractual relations, and

intentional interference with prospective economic advantage pursuant to the complaint within

that docket ("Underlying Complaint"). (*See* Compl. at 1-3.) Before the Court is Plaintiff's Motion

for Judgment on the Pleadings (ECF No. 31) and Defendants' Cross Motion for Judgment on the

Pleadings (ECF No. 32) pursuant to Federal Rule of Civil Procedure 12(c). The Court finds these

1

motions appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Plaintiff's Motion is Granted and Defendants' Cross Motion is Denied.[1]

## II.    FACTUAL BACKGROUND

Plaintiff issued a Lawyers Professional Liability Policy, with a policy period of October 16, 2021, to October 16, 2022, to named insured Defendants Manfred Sternberg & Associates, P.C. (Compl. ¶ 23). This policy contained an insuring agreement stating in relevant part:

A. INSURING AGREEMENT Subject to all terms and conditions of this Policy, we will pay on your behalf all claim expenses and damages up to the Limits of Liability as set forth in the declarations of this Policy, for a claim to which this Policy applies that is first made against you during the policy period or during a prior policy issued by us and continuously renewed by the Named Insured up to the present policy period. Additionally, the claim must be reported to us during the policy period, or if applicable, reported to us during the sixty (60) day automatic extension of time to report claims. However, our agreement to defend or indemnify you for a claim shall only apply if:

1. The claim arises from a wrongful act committed by you after the Policy retroactive date and before the Policy expiration date;

2. The claim arises from an act, error or omission in the performance of legal services by you on behalf of the Named Insured or any predecessor firm;

(Compl. ¶ 25).

The Policy also contains the following definitions:

30. Wrongful act means any actual or alleged negligent act, error or omission in the performance of legal services, or personal injury in the performance of such legal services, for others by you.

(Compl. ¶ 26).

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

Also, the policy contains provisions regarding defending claims against the insured, specifying that:

1. Defense of Claims
   We have the right and duty to defend claims brought against you seeking damages to which this Policy applies, even if the claims are groundless. However, we shall have no duty to defend claims brought against you seeking damages or asserting claims not covered by this Policy. . . .

(Compl. ¶ 27).

In the Underlying Action, SafetyHouse has brought forth claims of fraud in the inducement, fraud, wrongful civil conspiracy, participation theory, unjust enrichment, intentional interference with contractual relations, and intentional interference with prospective economic advantage against Defendants. (Compl. ¶ 21). Notably, Plaintiff has defended Defendants in this Underlying Action with SafetyHouse since March 2022. (Compl. ¶ 29). On April 25, 2024, Plaintiff filed for a declaratory judgment that Plaintiff has neither a duty to defend nor a duty to indemnify Defendants against claims asserted against them in the Underlying Action with SafetyHouse. (Compl. ¶ 2). To support the declaratory judgment, Plaintiff relies on Exclusions that exist in Defendants' policy with Plaintiff. (Compl. ¶ 28). The Exclusions contain provisions providing that the policy does not apply to:

1. Any claim or request for Supplementary Payments based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any of the following:
   a. Any malicious or intentional act or abuse of process;
   b. Any dishonest or fraudulent act;
   c. Any willful or criminal violation of any law, statute or regulation; or,
   d. Any libel or slander committed with knowledge of its falsity.

   However, we will defend and pay claim expenses or disciplinary proceeding expenses for such allegations only if the claim or disciplinary proceeding is otherwise covered by this Policy, and until there is a final adjudication, judgment, order or ruling by a court or administrative body, or binding arbitration decision or conviction against an Insured, or a written document, legal admission or statement by an Insured establishing such conduct set forth in this exclusion, or a plea of nolo

3

contendere or no contest regarding such conduct set forth in this exclusion. Once such conduct set forth in this exclusion is established as described above, we have the right to withdraw from the defense of the claim or disciplinary proceeding, the Insured shall reimburse us for all claim expenses or disciplinary proceeding we incurred defending the conduct set forth in this exclusion, and we will have no further liability for claim expenses or disciplinary proceedings or damages. You agree to accept the tender of the defense when we withdraw.

Whenever coverage under this provision would be excluded, suspended or lost because of such conduct set forth in this exclusion by any Insured, we agree that such coverage, as would otherwise be afforded under this Policy, shall be applicable with respect to an Insured who did not personally participate, or personally acquiesce in or remain passive after having personal knowledge of such conduct.

2. Any claim or request for Supplementary Payments based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any of the following:
. . .

h. Any Insured's conversion, misappropriation, embezzlement, commingling, defalcation or ethically improper use of or disposal of funds or other property, whether held on behalf of clients or third parties;
. . .

n. The loss or destruction, or any diminution in the value of any asset in your care, custody or control, or out of the misappropriation of, or failure to give an account of, any asset in your care, custody or control, including the commingling of funds;

(Compl. ¶ 28).[2]

Plaintiff relies on the allegations in the Underlying Action and its' Policy Exclusions to argue that a duty to defend and indemnify Defendants does not exist and declaratory judgment should be entered in Plaintiff's favor. (Compl. ¶¶ 35-42). Defendants moved to dismiss the declaratory action pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1 for failure to state a claim on August 16, 2024. (ECF No. 14). While this Court's August 1, 2025 Order found that Plaintiff's Policy Exclusions absolved Plaintiff of its duty to defend Defendant, it also held that the duty to indemnify was not yet ripe for adjudication, as liability in the Underlying Action has

---

[2] When referring to Exclusions for the rest of the Memorandum, the Court will state E.1 to reference Exclusion 1(a) – (d), and the paragraph following it and E.2 to reference Exclusion 2(h) and (n).

not been determined. (ECF No. 25). Plaintiff subsequently requested that the Court reconsider its August 1, 2025 Order regarding the ripeness determination on the duty to indemnify. (ECF No. 26). Concurrently, this Court granted the request of the Plaintiff for an indefinite stay of proceedings in the Underlying Action because SafetyHouse's principal was ill and not medically cleared to proceed to trial. *See* ECF No. 231, No. 2:22-cv-00688. The Court ordered that the stay would be lifted only upon SafetyHouse's principal being medically cleared to proceed with trial. *See* ECF No. 232, 7/10/2025 Order, No. 2:22-cv-00688. Since this Order was issued, SafetyHouse has filed five status reports with the Court at ninety-day intervals, indicating SafetyHouse's principal should not undergo the stress of trial for several months due to multiple brain surgeries and the prospect of future surgeries. *See* ECF Nos. 233, 235-238, No. 2:22-cv-00688.

On December 4, 2025, Plaintiff moved for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) arguing that SafetyHouse, in their Underlying Complaint, did not allege Defendants committed a "wrongful act, negligent act, error, or omission" but instead alleged that Defendants' conduct was intentional and a fraudulent scheme. (ECF No. 31). Plaintiff argues that because this Court has already found that the underlying complaint does not obligate Plaintiff to defend Defendants, this Court should, as a necessary consequence, determine that Plaintiff owes no duty to indemnify Defendants. (*Id.*). On December 18, 2025, Defendants cross-moved for Judgement on the Pleadings pursuant to Fed. R. Civ. P. 12(c) requesting this Court find that Plaintiff owes a duty to defend Defendants in the Underlying Action, and a ruling that the duty to indemnify is premature due to the lack of a liability determination. (ECF No. 32).

## III.    LEGAL STANDARD

A party may move for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c). Fed. R. Civ. P. 12(c). In deciding such a motion, the court must view the facts asserted in the pleadings in the light most favorable to the non-moving party. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993). In addition to the pleadings, the court may consider "attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents, and matters of public record." *Certain Underwriters at Lloyd's London v. Peerstar, LLC*, 649 F. Supp. 3d 73, 78 (E.D. Pa. 2023) (quoting *Burlington Ins. Co. v. Shelter Structures, Inc.*, 484 F. Supp. 3d 237, 240 (E.D. Pa. 2020)).

A Motion for Judgment on the Pleadings will be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Kruzits v. Okuma Machine Tool, Inc.*, 40 F.3d 52, 54 (3d Cir.1994) (quoting *Society Hill Civic Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). Essentially, the "court applies the same standard to a judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6) but may also review the answer and instruments attached to the pleadings." *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 400 (W.D. Pa. 2012) (quoting *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010)).

## IV.    DISCUSSION

As a preliminary matter, the court must "look to the language of the policies themselves to determine in which instances they will provide coverage." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co.,* 908 A.2d 888, 896 (Pa. 2006). This Court is tasked with interpreting the parties' intent as manifested by the insurance policy terms. *Madison Construction Co. v. Harleysville Mutual Ins. Co.*, 557 Pa. 595, 735 A.2d 100, 106 (1999) (citations omitted). "When the language of the policy is clear and unambiguous, [the] court is required to give effect to that

language." *401 Fourth Street v. Investors Insurance Co.*, 583 Pa. 445, 455 (2005). Alternatively, "[w]hen a provision in the policy is ambiguous ... the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification, [taking into account] the insurer drafts the policy and controls [its] coverage." *Id*. With these principles in mind, the Court turns to its August 1, 2025 Order (ECF No. 25), wherein the Court found the Plaintiff had no duty to defend Defendants and the duty to indemnify was not ripe for disposition, to resolve the arguments raised by the parties. (ECF Nos. 31, 32).

Based on the above-stated principles of contractual interpretation, the Court's inquiry is tailored to the agreed-upon terms of the insurance policy. The Exclusions are designed to preclude coverage if the claim is triggered by certain precipitating events, i.e. misappropriation, embezzlement, defalcation, destruction, diminution in value. *See* E.1 and E.2. These policy terms are unambiguous. To discuss briefly, the Court has reconsidered the parties' arguments as it pertains to the Plaintiff's duty to defend. *See* (ECF Nos. 31, 32). In so doing, the Court finds no material issue of fact remains to be resolved and now concludes that not only does Plaintiff not have a duty to defend Defendants, but it also has no duty to indemnify Plaintiff.  *See* Fed. R. Civ. P. 12(c). For this reason, and the reasons explained in the August 1, 2025 Order (ECF No. 25), the Court now finds the Plaintiff is entitled to judgment as a matter of law. Therefore, Plaintiff does not have a duty to defend Defendants.

With respect to the duty to indemnify, the duty to defend is "broader" than the duty to indemnify. *Sapa*, 939 F.3d at 250. "Because an insurer's duty to defend its insured in a lawsuit is broader than its duty to indemnify, it necessarily follows that it will not have a duty to indemnify an insured for a judgment in an action for which it was not required to provide defense." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016). Though related obligations, the two

duties are distinct. "[A]n insurer's duty to defend is triggered, if at all, by the factual averments contained in [the underlying] complaint." *Sapa*, 939 F.3d 249 (citing *Kvaerner*, 908 A.2d at 896). The duty to indemnify, however, does not materialize until the insurer is required to provide a defense. Having found that the Underlying Complaint does not trigger coverage for Plaintiff to defend Defendants, the Court turns to the parties' arguments on whether a duty to indemnify exists.

As the parties have properly noted, this Court has previously held that an analysis on the duty to indemnify was not ripe due to the lack of liability determination in the Underlying Action. However, at the request of SafetyHouse, Plaintiff in the Underlying Action, the Court has ordered an indefinite stay of the Underlying Action, to be lifted only upon SafetyHouse's principal being medically cleared to proceed with trial. *See* ECF No. 232, 7/10/2025 Order, No. 2:22-cv-00688. In an abundance of caution, the Court found it prudent to refrain from conducting an analysis of the duty to indemnify in its August 1, 2025 Order because SafetyHouse's principal's medical condition was unclear. Since the time that Order was issued, SafetyHouse has filed five status reports with the Court at ninety-day intervals, indicating SafetyHouse's principal should not undergo the stress of trial for several months due to multiple brain surgeries and the prospect of future surgeries. *See* ECF Nos. 233, 235-238, No. 2:22-cv-00688. Due to the gravity and uncertainty of SafetyHouse's principal's medical clearance, the Court finds that in the interest of justice as well as judicial economy, the indemnity issue can be addressed now, as it would be unfair to require the Plaintiff herein to indefinitely continue incurring expense in the action.

The Third Circuit has explained that "[a]lthough a claim for indemnity does not arise until the prime obligation to pay has been established, some third-party actions may be commenced in the interest of judicial economy before they are technically ripe." *Hatco Corp. v. W.R. Grace and Co.*, 59 F.3d 400, 406 (3d Cir. 1995). Acknowledging that indemnity claims are generally not ripe

until the underlying liability is established, the Court may rule on this claim if it is determined that no potential, future fact could arise to establish this duty. If the allegations of the underlying complaint potentially could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 226 (3d Cir. 2005) (citing *Gen Accident Ins. Co. of Am. v. Allen,* 692 A.2d 1089, 1095 (Pa. 1997)). It is clear from the record that the issues are fully developed; thus, in the interest of justice and judicial economy the Court will address whether Plaintiff owes a duty to indemnify Defendants.

Defendants argue that SafetyHouse "might" amend the Underlying Complaint that would allow Defendants to argue its' actions were a result of negligence rather than fraudulent intent to preserve the viability of Plaintiff's duties to defend and indemnify. *See generally* (ECF No. 32). However, the Court's final ruling must flow from the established record, not speculation. Relying solely on the insurance policy and the Underlying Complaint's allegations, the Court finds that there is no new development that could trigger coverage. This case stems from a professional responsibility policy provided by Plaintiff where errors, omissions, or wrongful acts could be protected from liability when such actions are a result of negligent conduct. But that is not the case here. SafetyHouse has alleged intentionally fraudulent and tortious conduct on the part of all Defendants in the Underlying Action, beginning with Defendants for breach of contract and nonperformance by fraudulently disbursing $1,965,600.00 of SafetyHouse's money to a third-party without delivery of the promised-for good—Covid 19 test kits. *See* ECF No. 1, No. 2:22-cv-00688. SafetyHouse has maintained this position since February 23, 2022, so the possibility that SafetyHouse "might" amend its' complaint is a quest in futility. *See generally*, *id*.

9

Plaintiff and Defendants entered into an arms-length agreement whereby Plaintiff agreed to provide liability coverage to Defendants in strict accordance with the Policy terms. With SafetyHouse alleging intentional and fraudulent conduct of Defendants and such conduct being in direct conflict with said Policy, the Court finds that there is no potential, future fact that could arise to establish a duty to indemnify Defendants. Further, because Plaintiff has no duty to defend in the Underlying Action under the Policy, they similarly do not have a duty to indemnify Defendants under such Policy. Finding that no material issue of fact remains to be resolved, Plaintiff is entitled to judgment as a matter of law.

Accordingly, the Court now finds that pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, Plaintiff has alleged sufficient facts demonstrating that coverage does not exist for Defendants to withstand Plaintiff's Motion for Judgment on the Pleadings. Plaintiff neither owes a duty to defend nor indemnify Defendants in the Underlying Action. Therefore, Plaintiff may withdraw from defense of Defendants in the Underlying Action pursuant to its reservation of rights.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is GRANTED and Defendants' Cross-Motion for Judgment on the Pleadings is therefore DENIED.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J.**

10